b CANNIZZARO, J.,
dissents with reasons.
I respectfully dissent from the majority opinion. In their motions for a new trial the appellants argued that La. R.S. 33:9038.21 is either unconstitutional as written or as applied. They asked for a new trial for the purpose of challenging the constitutionality of the statute. They also urged that they would be denied due process of law if they were not allowed to challenge the statute’s constitutionality.
The trial court found that “fundamental fairness dictates that a new trial at the very least in part is warranted.” The trial court granted the motions for a new trial but limited the new trial to the issue of the constitutionality of La. R.S. 33:9038.21. The trial court held that the issue would be considered only on briefs and that no new evidence would be adduced at trial.
In their assignment of errors on appeal, the appellants contend that the trial court violated their due process rights in granting a new trial without allowing the introduction of any additional evidence or the cross-examination of prior testimony. The appellants have, however, proffered the additional evidence that they wanted to introduce at the trial. I do not think that the trial court judge erred in granting a new trial to the limited extent that she did. This Court has all of the arguments and the evidence that the appellants presented to the trial court. I do not find that the appellants’ inability to cross-examine the appellee’s [¿witnesses at trial has denied the appellants due process. The appellants moved for a new trial solely on the basis that there were constitutional issues that they wanted to address, and the trial court afforded the appellants the opportunity to address those issues. I find no error in the trial court judgment.
*465 The issue of the constitutionality of La. R.S. 33:9038.21, enacted by Act 47 of the First Extraordinary Session of the Louisiana Legislature of 2002, and the validity of the Cooperative Endeavor Agreement between the World Trade Center Taxing District and WTC Development Limited Partnership can be determined from the record that is now before us. Therefore, I am of the opinion that this Court should decide this case on the merits rather than remanding it to the trial court.